## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LETITIA R. STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. CIV-06-1093-D |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is the Motion for Attorney Fees Under 42 U. S. C. § 406(b) filed herein by Plaintiff's counsel [Doc. No. 25]. Counsel seeks approval of an attorney fee of $11,000.00 for legal work before this Court in connection with Plaintiff's receipt of Social Security benefits, to be paid to counsel pursuant to the contingent fee contract executed by Plaintiff. Upon receipt of the approved fee, counsel will then refund to Plaintiff the $4,215.60 in fees previously awarded and paid pursuant to this Court's February 13, 2008 Order [Doc. No. 23] determining that Plaintiff is entitled to that amount as the prevailing party under the Equal Access to Justice Act, 28 U. S. C. § 2412(d) ("EAJA").

Defendant has timely responded to the Motion, acknowledging that he is not the true party in interest and has no financial stake in the outcome of the motion. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002). Defendant discusses the standards to be employed by the Court in ruling on a motion for § 406(b) fees, and does not take a position with regard to the reasonableness of the fee requested by counsel in this case.

In support of the motion, counsel summarizes the history of this case, and notes that Plaintiff has now been awarded $48,631.00 in past-due benefits. Counsel also explains that Plaintiff and

counsel executed a contingent fee contract in which Plaintiff agreed to pay counsel a fee of 25% of any past-due benefits obtained if she ultimately received a favorable decision and was awarded benefits. A copy of the contingent fee contract is submitted as Exhibit 1 to the Motion. The contract provides that any fee paid pursuant to its terms will be offset by fees awarded pursuant to EAJA. Counsel states that, if the Court approves the requested fee of $11,000.00, the previously awarded EAJA fee of $4,215.60 will be refunded to Plaintiff and the balance retained by counsel as the full attorney fee for his representation in this case. That procedure is consistent with the parties' contingency fee agreement and the applicable legal authorities.

Pursuant to § 406(b), a court may award a reasonable fee to a plaintiff's counsel, not to exceed 25% of the past-due benefits awarded. Before determining the amount of a reasonable fee, the Court must first find that the motion for a fee award is timely. There is no deadline prescribed by the statute, but fee requests must be filed within a reasonable time. *See McGraw v. Barnhart*, 450 F. 3d 493, 505 (10th Cir. 2006). In this case, the notice of the award of past-due benefits was issued on August 22, 2009; the instant motion was filed on October 12, 2009. The Court finds the motion was timely filed.

Section 406(b) fees are available when, as in this case, a court remands a case for further proceedings and the agency issues a favorable ruling on remand. *McGraw*, 450 F. 3d at 502. However, a § 406(b) award is not mandatory. *Id.* Nor is an award consisting of 25% of the past-due benefits mandatory; instead, the 25% represents a ceiling on the fees. *Gisbrecht*, 535 U.S. at 807. The Court must independently review the § 406(b) fee request to ensure that it satisfies the statutory purpose of yielding a reasonable result. *Id.,* at 806.

The attorney for the successful claimant bears the burden of establishing the reasonableness

2

of the fee requested; although § 406(b) does not prescribe the factors to be applied in evaluating the reasonableness of the fee, the United States Supreme Court has discussed in general the items to be considered. *Gisbrecht*, 535 U.S. at 808. Specifically, the Court has held that contingent fee agreements are permissible under § 406(b). *Id.* at 808-09. The Court must, however, determine that the terms of the agreement are reasonable. If so, the agreement should be given significant weight in fixing a fee; however, the Court should also consider other factors, including the time expended by counsel as well as the quality of the legal work. *Gisbrecht*, 535 U.S. at 808. The "lodestar" method should not be applied in determining the reasonableness of a fee in a Social Security case where a plaintiff has executed a contingent fee contract. *Id.* at 806. Instead, the Court should examine the quality of the legal representation, and may reduce a requested fee if the work was substandard, if there were unnecessary delays, or if the representation was otherwise deficient. *Gisbrecht*, 535 U. S. at 808.

In this case, the parties executed a contingent fee agreement governing the work to be performed by counsel in federal court proceedings in connection with Plaintiff's claim for Social Security benefits. *See* Attachment 1 to Motion. The agreement set a maximum fee of 25% of any past due benefits awarded, subject to reduction by any award of fees pursuant to EAJA. The agreement provides that, if a favorable decision does not result, Plaintiff will owe no attorney fee. Having examined the terms and provisions of the agreement, the Court finds that it is reasonable.

With respect to the other factors to be considered in assessing a reasonable fee, the Court finds that the quality of the work performed by counsel warrants the fee requested. Counsel pursued Plaintiff's claim in a timely manner, and was successful in achieving a reversal of the Defendant's decision and a remand of the matter for further consideration. Upon remand, Plaintiff was

3

determined to qualify for benefits, and past-due benefits were awarded. The Court notes that Plaintiff's attempt to secure benefits spanned a time period of several years; the record reflects that counsel did not cause the delay, and the 2009 favorable decision determined that Plaintiff was disabled as of November 1, 2000. The Court finds no deficiency in counsel's performance.

Counsel for Plaintiff explains in detail the hourly rates associated with the work performed in this case and the total hours incurred; counsel also discusses in detail the law governing § 406(b) fee awards. Having reviewed the information and the argument presented, the Court finds the fee requested by counsel to be reasonable.

The Court has fully considered the terms of the contingent fee contract, the work performed by counsel in this case, the results obtained, and the hourly rates associated with the work of counsel. The Court concludes that the requested fee of $11,000.00 represents a fair and reasonable fee. Accordingly, the Motion [Doc. No. 25] is GRANTED. The Defendant is directed to pay the amount of $11,000.00 to Plaintiff's counsel, Kyle J. Saunders of Saunders & Saunders, as total payment of the attorney fee to be awarded pursuant to § 406(b). Upon receipt of the same, Plaintiff's counsel shall refund to Plaintiff the EAJA fees previously awarded and paid to counsel.

IT IS SO ORDERED this  20th  day of January, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE